# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Case No. 14-559V
Filed:  August 27, 2014

\* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

| | | |
|---|---|---|
| ANNETTE TERRY, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | |
| | \* | Special Master Dorsey |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | Decision on Proffer; Damages; Influenza |
| AND HUMAN SERVICES, | \* | (Flu) Vaccine; Shoulder Injury Related to |
| | \* | Vaccine Administration ("SIRVA"). |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

Maximillian J. Muller, Muller Brazil, LLP, Philadelphia, PA, for petitioner.
Claudia Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On June 30, 2014, Annette Terry ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she suffered from a shoulder injury that had been caused-in-fact by an influenza ("flu") vaccine administered to her on October 10, 2013.  See Petition at 1.  On August 22, 2014, a Ruling on Entitlement was issued based on respondent's concession.

On August 27, 2014, respondent filed a Proffer on Award of Compensation.  Respondent proffers that, based upon her review of the evidence of record, petitioner should be awarded

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

$80,000.00.  Respondent states that petitioner agrees with the amounts set forth in the Proffer.  See Proffer at 1.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

> **A lump sum payment of $80,000.00, in the form of a check payable to petitioner.**

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

_____

| | |
|---|---|
| ANNETTE TERRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 14-559V |
| | ) Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN | ) ECF |
| SERVICES, | ) |
| | ) |
| Respondent. | ) |

_____

## PROFFER ON AWARD OF COMPENSATION

### I.    Procedural History

On June 30, 2014, Annette Terry ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), *as amended*. 42 U.S.C. §§ 300aa-1 et seq.  Petitioner alleges that, as a result of receiving the influenza ("flu") vaccine on October 10, 2013, she suffered from a shoulder injury related to vaccine administration ("SIRVA") in her left shoulder and arm.   Petitioner alleges a theory based on causation-in-fact.

On August 21, 2014, respondent filed her Vaccine Rule 4(c) report, conceding causation-in-fact for petitioner's SIRVA.  On August 22, 2014, the Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA caused by the flu vaccine.

### II.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $80,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.   **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $80,000.00, in the form of a check payable to petitioner.[1] Petitioner agrees.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138

Dated:   August 27, 2014

---

[1]   Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.